NOLAN HELLER KAUFFMAN LLP
Marco B. Koshykar, Esq.
*Attorneys for Berkshire Bank*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
mkoshykar@nhkllp.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| In re, | Chapter 11 |
|---|---|
| CELL-NIQUE CORPORATION, | Case No. 24-10508 (REL) |
| Debtor. | |

**MOTION OF SECURED CREDITOR BERKSHIRE BANK FOR AN ORDER
DISMISSING CASE PURSUANT TO 11 U.S.C. §1112(b)(1)**

Berkshire Bank ("**Berkshire**" or the "**Movant**"), by and through its counsel, Nolan Heller Kauffman LLP, hereby submits this motion for an Order pursuant 11 U.S.C. §1112(b)(1) dismissing the Debtor's second chapter 11 case and, in support thereof, respectfully states as follows:

## BACKGROUND

1. Berkshire is a Massachusetts banking corporation with its principal office in the State of New York located at 30 South Pearl Street, Albany, New York.

2. Cell-Nique Corporation (the "**Debtor**") is a Delaware corporation that filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§101 *et seq*. (the "**Bankruptcy Code**") on May 9, 2024, thereby commencing the above-captioned bankruptcy case and invoking the automatic stay provisions of Bankruptcy Code §362(a).

3. This Court has jurisdiction over this bankruptcy case and this motion pursuant to 28 U.S.C. §§157 and 1334. This motion constitutes a core proceeding pursuant to 28 U.S.C.

§157(b).

4. As the Court is aware, the Debtor's prior chapter 11 case (Case No. 23-10815; filed on August 10, 2023 – the "**Prior Bankruptcy Case**") was dismissed by an Order of Dismissal dated April 19, 2024, due to the Debtor's repeated failures to abide by its duties as a debtor-in-possession. The Debtor had not filed a proposed Plan of Reorganization or a Disclosure Statement in the Prior Bankruptcy Case in the seven (7) months the Prior Bankruptcy Case was pending.

5. The Debtor subsequently filed the instant chapter 11 case only twenty (20) days after dismissal of its Prior Bankruptcy Case to prevent secured creditors, such as Berkshire, from exercising their state court rights and remedies with respect to liquidation of collateral.

6. The Debtor's stated intention was to file the instant case simultaneously with chapter 11 cases for several of its subsidiary companies. However, those subsidiary companies did not file for chapter 11 protection until the following dates:

    a. Dancing Deer Corporation – Case No. 24-10067; Filed on June 14, 2024;

    b. Hodgson Mill Corporation – Case No. 24-10702; Filed on June 21, 2024; and

    c. Hudson River Foods Corporation – Case No. 24-10775; Filed on July 9, 2024.

7. Despite the Debtor's repeated promises, no motion to substantively consolidate the foregoing cases has been made in the nearly four (4) months since the various chapter 11 cases were filed.

8. As was established in the Prior Bankruptcy Case, Berkshire is the holder of a pre-petition perfected security interest in and lien on all of the Debtor's personal property, including without limitation its equipment, accounts receivable, inventory and general intangibles (collectively, the "**Collateral**") by reason of, among other things, (a) that certain U.S. Small Business Administration Note dated September 21, 2017 in the original maximum principal amount of $2,150,000.00 (the "**$2,150,000 Note**"), (b) that certain U.S. Small Business

Administration Note dated September 21, 2017 in the original maximum principal amount of $325,000 (the "**$325,000 Note**" and, together with the $2,150,000 Note, the "**Notes**" or the "**Loans**"), (c) that certain Security Agreement dated September 21, 2017 (the "**Equipment Security Agreement**"), and (d) that certain second Security Agreement dated September 21, 2017 (the "**General Security Agreement**" and, together with the Equipment Security Agreement, the "**Security Agreements**").  Berkshire filed its secured Proof of Claim in the instant case on May 20, 2024.  (*See* Claim No. 4).

9.      Subsequent to the filing of its Petition in the instant case, and following Berkshire's motion to prohibit the Debtor's use of cash collateral (*see* ECF No. 12), the Debtor entered into two (2) interim cash collateral stipulations with Berkshire. (*See* ECF Nos. 18 and 25). The Debtor's authorization to use Berkshire's cash collateral expired on August 30, 2024 and no further stipulation has been negotiated. At the adjourned Section 341 creditors' meeting held on September 17, 2024, the Debtor's principal, Daniel Ratner, promised to provide Berkshire with an updated Budget for purposes of evaluating a further cash collateral stipulation, which he has failed to provide to date.

10.     As set forth below, cause exists to dismiss the Debtor's chapter 11 case pursuant to 11 U.S.C. §1112(b).  To put it bluntly, the Debtor has virtually no chance of proposing a feasible or confirmable Plan absent some major change in circumstances not yet communicated to the Court or any parties in interest.  The Debtor has failed to abide by nearly all of its debtor-in-possession duties since the commencement of this second chapter 11 case.  The Debtor should stop the bleeding and allow its assets to be liquidated in satisfaction of Berkshire's secured claim.

## RELIEF SOUGHT

11.     As a result of the circumstances and status of the case, it is respectfully requested that the Court enter an order pursuant to 11 U.S.C. §1112(b) dismissing the Debtor's case.  It is

respectfully submitted that dismissal is in the best interest of the creditors and the estate.

12. 11 U.S.C. §1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

13. For purposes of §1112(b), the term "cause" includes, among other things:

   (a) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

   (b) gross mismanagement of the estate;

   (c) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

   (d) unauthorized use of cash collateral substantially harmful to 1 or more creditors; [and]

   (e) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. (*See* 11 U.S.C. §1112(b)(4)).

14. It is respectfully submitted that ample cause exists for dismissal of the Debtor's second chapter 11 case. As noted above, the Debtor has failed to abide by virtually all of its debtor-in-possession duties since the commencement of this second action.[1] For example:

   a. The Debtor has only filed one Monthly Operating Report, which was for the month of May 2024 (ECF No. 23). The Debtor has failed to timely file Monthly Operating Reports for the months of June, July and August, so the Debtor's creditors and the Court have virtually no indication of what the Debtor's financial performance has been since the commencement of this case.

---

[1] The Court is reminded that the Debtor's Prior Bankruptcy Case was dismissed due to the Debtor's failure to abide by its debtor-in-possession duties.

b. The Debtor continues to use non-debtor-in-possession deposit accounts at Berkshire despite being advised on numerous occasions (in the Prior Bankruptcy Case and in this case) to cease doing do.  As the Court is aware, Berkshire is not an approved financial institution by the United States Trustee's Office for debtor-in-possession accounts.  Although the Debtor has ostensibly opened debtor-in-possession bank accounts at TD Bank, N.A., it continues to have its customers deposit funds in its Berkshire deposit and lockbox accounts and then seeks to transfer those funds to its various subsidiary entities to pay monthly operating expenses, including payroll.  This practice is particularly troubling since the Debtor has routinely sought to initiate post-petition wire transfers from its Berkshire accounts to cover expenses, such as payroll, at times when insufficient funds were on deposit to cover such transfers.  Berkshire has notified the Debtor that it will not honor any overdrafts and has restricted the Debtor's remote wire transfer capabilities to less than $35,000 (*i.e.*, wire transfers more than $35,000 must be initiated by Mr. Ratner in person at a Berkshire branch location).

c. Although the Debtor has ostensibly opened separate debtor-in-possession bank accounts at TD Bank, N.A. for the purpose of segregating employee withholding taxes, it is believed that the Debtor is not actually withholding such taxes and timely depositing them into such trust accounts.  That was apparent during Mr. Ratner's section 341 meeting testimony on September 17, 2024 where he admitted that the Debtor had to scramble to obtain sufficient funds to pay its withholding tax obligations due for September 2024 (which were paid, albeit several days late).

  d. The Debtor does not presently have Berkshire's consent to use cash collateral,[2] and therefore has been using Berkshire's cash collateral to pay operating expenses in violation of 11 U.S.C. §363.

15. Without any Monthly Operating Reports being filed, the Court, the United States Trustee and the Debtor's creditors simply have no indication of what the Debtor's financial performance has been since the commencement of this case. However, the fact that the Debtor routinely held insufficient funds on deposit at Berkshire to meet its weekly payroll obligations despite not making any debt service payments to its secured creditors whatever, indicates that the Debtor does not generate nearly enough cash to have any chance of proposing a feasible or confirmable Plan.

16. Furthermore, the Debtor has failed to file a Disclosure Statement and/or Plan, let alone engage in any meaningful discussions regarding a proposed Plan with its main creditors such as Berkshire, despite the Prior Bankruptcy Case pending for over seven (7) months and the instant bankruptcy case now pending for over four (4) months.

17. Moreover, as the Court and the United States Trustee are keenly aware, the Debtor has throughout the course of the Prior Bankruptcy Case and this case continued to commingle funds with accounts of various related subsidiary entities, including Hudson River Foods Corporation, Dancing Deer Corporation and Hodgson Mill Corporation. Such commingling is clear from the Debtor's Monthly Operating Reports filed in the Prior Bankruptcy Case and the bank statements attached to its May 2024 Monthly Operating Report in this case.

18. Based on the Debtor's testimony at its section 341 meeting, it is readily apparent that there is no equity in the Debtor's assets over and above secured claims and that dismissal is

---

[2] Or, upon information and belief, the authorization of the Debtor's other secured creditors such as NYBDC/SBA and TD Bank, N.A.

the appropriate relief. The United States Trustee has estimated that the Debtor, together with its subsidiary companies that are also in chapter 11, have combined assets of approximately $1,500,000. Meanwhile, the Debtor's main secured creditors in this case alone have claims exceeding $6,810,000.[3]

19. Based on the above, conversion of this case would not likely inure to the benefit of unsecured creditors. In addition, Berkshire will likely promptly exercise its state law remedies with respect to liquidation of its collateral. Thus, upon information and belief, a Chapter 7 case for the Debtor would yield little, if any, assets to the Chapter 7 estate.

20. Based upon the foregoing and upon the facts and circumstances of this case, it is respectfully submitted that dismissal of the Debtor's case is warranted and is in the best interests of the creditors and the estate.

**WHEREFORE**, secured creditor and party-in-interest, Berkshire Bank, respectfully requests that this Court enter an order granting the within requested relief pursuant to 11 U.S.C. §1112(b)(1) dismissing case, together with such other and further relief as to this Court may seem just and proper.

Dated: Albany, New York
October 1, 2024

NOLAN HELLER KAUFFMAN LLP
*Attorneys for Berkshire Bank*

By: /s/ Marco B. Koshykar
Marco B. Koshykar, Esq.
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300
mkoshykar@nhkllp.com

NH2024-2106082335-787004

---

[3] The main secured claims consist of approximately $2,200,000 owed to Berkshire, $110,000 owed to TD Bank, N.A. and $4,500,000 owed to NYBDC/SBA.