Hearing Date:
October 30, 2024
10:30 a.m.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:  CELL-NIQUE CORPORATION

Case Number 24-10508-1

Chapter 11

Debtor.

# DEBTOR'S OPPOSITION TO THE MOTION TO DISMISS BY BERKSHIRE BANK PURSUANT TO 11 U.S.C §1112(b)

TO: HONORABLE ROBERT E. LITTLEFIELD, JR.
U.S. BANKRUPTCY JUDGE

Debtor in Possession, Cell-Nique Corporation ("Debtor"), by and through its counsel, O'Connell & Aronowitz, P.C., Peter A. Pastore, Esq., of counsel, as and for its opposition ("Opposition") to the Motion to Dismiss by Berkshire Bank, respectfully alleges as follows:

1. Berkshire Bank has moved to dismiss this case pursuant to §1112(b)(1) ("Motion to Dismiss") (ECF Dkt. No. 26).

2. The Motion to Dismiss is based upon various grounds. For the reasons stated below the Motion to Dismiss should be denied.

3. First, Berkshire Bank contends that the Debtor has failed to file its monthly operating reports for June, July and August, 2024. Since the filing of the Motion to Dismiss, Debtor has filed all of these monthly operating reports. Accordingly, the failure to file monthly operating reports cannot be a basis for dismissal herein.

4. Berkshire Bank contends that the Debtor continues to use deposit accounts at Berkshire despite the fact that Berkshire Bank is not an approved financial institution by the

{01551009.1}

United States Trustee's office for Debtor-in-Possession accounts. Debtor has explained to Berkshire Bank and all parties in interest that it has diligently made all efforts to close these accounts at Berkshire Bank. Initially there were six (6) accounts at Berkshire Bank. At this time, three (3) of those accounts have been terminated and completely discontinued. The remaining three (3) accounts have shown minimal activity. That activity consists of deposits by Debtor's customers. Debtor has been pleading with its customers to discontinue its payment to Berkshire Bank and has had great difficulty and hardship in directing those deposits to the Debtor-in-Possession accounts at TD Bank. Debtor believes that those deposits will end within the next several weeks if not sooner. It is important to note that any time a deposit is made to one of those Berkshire Bank accounts, the Debtor immediately sweeps it into its Debtor-in-Possession account at TD Bank. Moreover, those deposits are minimal and never even come close to the FDIC insured amount.

5. Berkshire Bank also alleges that the debtor is not current with its withholding tax obligations. Berkshire Bank cites Mr. Ratner's testimony at the Section 341 testimony on September 17, 2024. Whatever issues were raised at said meeting, regarding the Debtor's obligations for employee tax withholdings, those issues are fully resolved and are now nonexistent.

6. Berkshire Bank also contends that it does not have a current stipulation authorizing the use of Berkshire Banks cash collateral. The Debtor has offered to continue the cash collateral payments that it has previously made to Berkshire Bank, however, Berkshire Bank for whatever reason has declined to accept those payments. Accordingly, Debtor will be making an application to the court for use of Berkshire Bank's cash collateral which, of course, this court can award over the objection of Berkshire Bank. Debtor is hopeful that over the next

three to four (3-4) business days the Debtor and Berkshire Bank can reach a resolution on this issue.

7.  Berkshire Bank also cites the failure of the Debtor to move to substantively consolidate the above-referenced case with the related cases of Dancing Deer Corporation, Hodgson Mill Corporation and Hudson River Foods Corporation. Within two (2) days of the filing of its Motion to Dismiss, the Debtor and the three (3) related Debtor cases all filed motions to consolidate procedurally and substantively. Those motions are now pending before the court and will be heard on the same day that this Motion to Dismiss will be heard.

8.  Berkshire Bank has cited the failure of the Debtor to file a disclosure statement and plan that can be approved and confirmed by the court. It is the intention of the four (4) Debtors to file such a disclosure statement and plan after the court - hopefully - grants their motions to procedurally and substantively consolidate. As set forth in those motions to consolidate which the Debtor incorporates by reference thereto, it is in the best interest of all creditors that the debtors be consolidated and file one consolidated reorganization plan. In those motions to consolidate, the Debtors set forth the benefits of reorganization rather than liquidation.

9.  In sum, Debtor disagrees with Berkshire Bank's position that cause exists for dismissal. Debtor continues to operate and employs over thirty (30) people and should be afforded the opportunity to propose a consolidated disclosure statement and plan of reorganization.

{01551009.1}

WHEREFORE, for these reasons set forth above, the Debtor respectfully requests that the Motion to Dismiss be denied in all respects.

Dated:   October 23, 2024

Respectfully Submitted,

/s/ Peter A. Pastore

Peter A. Pastore, Esq.
O'CONNELL AND ARONOWITZ
54 State Street, 9th Floor
Albany, NY 12207-2501
Tel: (518) 462-5601
Fax #: (518) 462-2670
E-mail: papastore@oalaw.com

{01551009.1}