UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re,

CELL-NIQUE CORPORATION,

Debtor.

Chapter 11
Case No. 24-10508

**STIPULATION AND INTERIM ORDER APPROVING DEBTOR AND DEBTOR-IN-POSSESSION'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2) AND FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §361 AND §363**

This Stipulation is entered into and effective as of this 16 day of December 2024, between Cell-Nique Corporation ("Debtor")[1] and debtor-in-possession, and the Internal Revenue Service ("IRS"), a secured creditor of the Debtor.

---

[1] The use of the term "Debtor" in this Stipulation refers to the main debtor and parent company, Cell-Nique Corporation, as well as its unincorporated divisions and wholly owned subsidiaries, including the following entities which filed for Chapter 11 bankruptcy and were consolidated into this single Chapter 11 case: (1)Hodgson Mill Corporation (Case No. 24-10702); (2) Hudson River Foods Corporation (Case No. 24-10775); and (3) Dancing Deer Corporation (Case No. 24-10667).

{01578366.1}

## **Recitals**

**WHEREAS**, the Debtor is a parent company that owns and operates a food manufacturing business headquartered in Castleton, New York through several unincorporated divisions and wholly owned subsidiaries; and

**WHEREAS**, the Debtor's subsidiaries filed for Chapter 11 bankruptcy in the following matters: Case No. 24-10702 (Hodgson Mill Corporation); (2) Case No. 24-10775 (Hudson River Foods Corporation); and (3) Case No. 24-10667 (Dancing Deer Corporation);

**WHEREAS**, upon Debtor's Motion, the above-referenced bankruptcy cases were consolidated into this lead case (Dkt. No. 34, 35, 37);

**WHEREAS**, IRS claims a pre-petition perfected security interest in and lien on all of the Debtor's personal property, including without limitation its equipment, accounts receivable, inventory and general intangibles (collectively, the "Collateral").

**WHEREAS**, the Debtor filed a petition for relief under Chapter 11 of U.S.C. §101 *et seq.* (the "Bankruptcy Code") on May 9, 2024 ("Petition Date") to, among other things, prevent IRS from enforcing its lien and security interest against the Collateral; and

**WHEREAS**, as of the Petition Date, the balance alleged to be due on account of the lien was approximately $46,786.91 (Claim No. 6-3); and

**WHEREAS**, the Debtor generates accounts receivable from operating its business and intends to continue doing so during the pendency of this case; and

**WHEREAS**, the Debtor and IRS agree that the accounts receivable and proceeds derived therefrom constitute "cash collateral" pursuant to Bankruptcy Code §363; and

{01578366.1}

**WHEREAS**, the Debtor and IRS have agreed to enter into the within Stipulation to preliminarily allow the Debtor to use cash collateral for a limited period of time and to provide adequate protection to IRS pursuant to Bankruptcy Code §361 and §363 pursuant to the terms set forth herein below; and

**WHEREAS**, as of the date of this Stipulation, no trustee, examiner or statutory committee has been appointed in the within case; and

**WHEREAS**, the terms of the use of cash collateral authorized hereby are fair and reasonable under the circumstances and the Debtor asserts that entry of this Stipulation and Order will be in the best interests of the Debtor, its estate, and its creditors.

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein, the parties hereto hereby agree as follows:

1. All of the Recitals set forth above are incorporated by reference into this Stipulation, and the Debtor represents and warrants to IRS that the statements therein are true and correct as of the date of this Stipulation.

2. The Debtor is hereby authorized pursuant to Bankruptcy Code §363 and Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 4001(b)(2) to use IRS's cash collateral including without limitation its accounts receivable and proceeds thereof (collectively, the "Cash Collateral").

3. All adequate protection payments shall be made out of Debtor's Debtor-in-Possession Account.

4. As adequate protection of IRS's interest in the Collateral, including the Cash Collateral, IRS is hereby granted, pursuant to §361(2), §363(c)(2) and §363(e) of the Bankruptcy Code, continuing valid, binding, enforceable and perfected liens and security interests as existed

as of the Petition Date in and to the Collateral and all of the Debtor's accounts receivable, including all pre-petition accounts receivable and proceeds thereof. Moreover, said perfected liens and security interests shall attach without limitation to any and all cash, income, proceeds, insurance proceeds, products, profits, offspring, revenues and rents arising from all pre-petition Collateral, and whether now owned or hereafter acquired by the Debtor and whether existing before or after the Petition Date (the "Post-Petition Collateral"). As further adequate protection, the Debtor shall provide to IRS a roll-over security interest in and lien on all Post-Petition Collateral obtained or received after the Petition Date of the kind and nature specified in the pre-petition Loan Documents based upon the equities of this case in accordance with §522 of the Bankruptcy Code. The foregoing adequate protection shall be deemed legal, valid, binding, enforceable, perfected liens, not subject to subordination or avoidance for all purposes in this Chapter 11 case and/or any subsequent Chapter 7 case. The rollover lien and security interest granted to IRS herein is automatically deemed perfected upon entry of this Order without the necessity of IRS taking possession or control of its Cash Collateral or filing financing statements or other documents.

5. As further adequate protection of IRS's interest in the Collateral, including the Cash Collateral, the Debtor shall make monthly payments to IRS in the amount of $800.00. These payments must be made from Debtor's DIP account by the **fifth of each month**. **Checks must contain the Docket Number, payment number or month the payment applies to, a comment that the check is Debtor's Adequate Protection payment. Payments must be mailed as follows:**

> **Internal Revenue Service**
> **Insolvency Unit, Attn: Kathleen Blais**
> **75 Portsmouth Blvd, Room 300**
> **Portsmouth, NH 03801**

{01578366.1}

6.  Debtor further agrees to timely make all required federal tax deposits and timely file all required federal tax returns. Should Debtor accrue a liability for any penalties or interest that may be assessed, Debtor agrees to pay all outstanding amounts before the first notice expires. Upon Debtor's default in (1) the timely filing of required federal returns; (2) payment of appliable federal taxes for any post-petition period; or (3) making timely Adequate Protection Payments, as set forth in Paragraph 5 above, the IRS may be given written notice of said delinquency ("Delinquency Notice") to Debtor by regular mail, the Debtor's attorney, and the United States Trustee by electronic notice, based upon the filing of the Delinquency Notice with the Court. The IRS will file an affidavit of service of the Delinquency Notice with the court. The Delinquency Notice shall specify which tax returns have not been filed and/or which taxes have not been paid and/or which Adequate Protection Payment is missing and give notice that the IRS may apply *ex parte* for an order dismissing the case within 30 days from the date the Delinquency Notice is given if the delinquency is not: (1) cured; (2) settled by writing agreement between the parties; or (3) resolved by appropriate pleading submitting to the Court evidencing the filing of said returns/payment of said tax/payment of Adequate Protection Payment. If the delinquency is not addressed as per the terms of the Delinquency Notice, the taxing authority may submit an *ex parte* application and Order dismissing the Chapter 11 case without further notice.

7.  Nothing contained in this Stipulation shall be deemed a waiver of any kind with respect to the Debtor's rights and remedies with respect to the Collateral, any other collateral of the Debtor or its estate, and to the amount of the indebtedness claimed to be owed to TD Bank.

8.  IRS hereby agrees to a carve-out from its Cash Collateral for payment of fees due the office of the United States Trustee pursuant to 28 U.S.C. §1930.

{01578366.1}

9. This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same agreement.

10. Nothing herein shall be deemed to waive or limit the right of any Official Committee of Unsecured Creditors or Chapter 7 trustee that may be appointed in this case to review or contest the validity, priority or extent of a lien or other interest in property of the estate; and it is hereby:

**ORDERED**, that the Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, F.R.B.P.s and the Local Rules and Orders of this Court; and it is further

**ORDERED**, that pursuant to F.R.B.P. 4001(b)(2), pending the entry of a further Order of this Court or as a result of the conclusion of a final hearing for the approval of the Stipulation, the Debtor shall be permitted the continued use of Cash Collateral pursuant to the terms herein; and it is further

**ORDERED**, that without limitation of the foregoing, pursuant to 11 USC §§ 361, 362, 363, 503(b), 507(a), and 507(b), IRS shall have and is hereby granted a roll-over lien in its Post-Petition Collateral as provided for herein; and it is further

**ORDERED**, that the Debtor shall pay to IRS the sum of $800.00, as adequate protection for the use of IRS's Cash Collateral; and it is further

**ORDERED**, that the Debtor shall continue to keep the Collateral insured in accordance with the guidelines of the United States Trustee's Office; and it is further

**ORDERED**, that the Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

{01578366.1}

Dated: 16th of Dec, 2024

CELL-NIQUE CORPORATION
Debtor

By: /s/ D. Ratner
Daniel Ratner
President

O'CONNELL AND ARONOWITZ

Dated: Dec. 16th, 2024

By: /s/ Peter A. Pastore
Peter A. Pastore, Esq.
*Attorneys for Debtor*
54 State Street
Albany, New York 12207-2501
(518) 462-5601

Dated: December 20, 2024

INTERNAL REVENUE SERVICE

By: _____
Cathleen B. Clark, Esq.
Assistant United States Attorney
*Attorneys for IRS*
445 Broadway, James T. Foley US Courthouse
Albany, New York 12207

{01578366.1}