**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: Cell-Nique Corporation, et al., <br> Debtors. | Chapter 11 <br> Case No. 24-10508 (REL) <br> (Main Case) <br><br> Consolidated Cases: <br> Case No. 24-10702 <br> Case No. 24-10775 <br> Case No. 24-10667 |

**OBJECTION**

The United States of America, through the Internal Revenue Service ("IRS"), by counsel, John A. Sarcone III, United States Attorney for the Northern District of New York, Cathleen B. Clark, Assistant United States Attorney, of counsel, objects to Debtor's Chapter 11 Amended Plan for the following reasons:

1. Cell-Nique Corporation (hereinafter "Debtor" or "Cell-Nique") is a holding/parent corporation that owns three incorporated subsidiaries (Dancing Deer Corporation (hereinafter "Dancing Deer"), Hodgson Mill Corporation (hereinafter "Hodgson Mill"), and Hudson River Foods Corporation (hereinafter "Hudson River")).

2. This is Cell-Nique's second Chapter 11 bankruptcy. Debtor first filed for Chapter 11 bankruptcy on August 10, 2023. *See* Case No. 23-10815. The IRS subsequently moved to dismiss that case, in part, because Debtor, while enjoying the protections of bankruptcy, had been withholding payroll taxes from its employees

without depositing those funds with the IRS. *See* Case No. 23-10815, Dkt Nos. 110, 122

3. On May 9, 2024 Cell-Nique filed again for Chapter 11 bankruptcy. The IRS filed a timely proof of claim on June 13, 2024, which was subsequently amended, most recently on November 26, 2024. *See* Claim Nos. 6-1 – 6-4. The IRS's Proof of Claim for Cell-Nique amounts to $50,219.79. *See* Claim No. 6-4. Of this amount, $46,786.91 is classified as secured. *Id.*

4. Shortly after Cell-Nique filed again for Chapter 11 bankruptcy, each of its three subsidiaries also filed for Chapter 11 bankruptcy. *See* Dancing Deer, Case No. 24-10667 (filed June 14, 2024); Hodgson Mill, Case No. 24-10702 (filed June 21, 2024); and Hudson River, Case No. 24-10775 (filed July 9, 2024).

5. In Dancing Deer's bankruptcy, the IRS filed a timely proof of claim on or about July 8, 2024 in the amount of $236,568.62. *See* Case No. 24-10667, Claim No. 2-1. This claim was later amended on September 10, 2024 (Claim No. 2-2) and again on February 18, 2025 (Claim No. 2-3). Based on the last filed Proof of Claim, Dancing Deer owes the IRS $85,329.69, with $56,530.36 classified as priority tax debt. *See* Claim No. 2-3.

6. The IRS also filed a timely proof of claim in Hodgson Mill's bankruptcy in the amount of $30,000.00, although that claim was later amended to $0.00. *See* Case No. 24-10702, Claim Nos. 1-1 and 1-2.

7. In Hudson River's bankruptcy, the IRS's filed a proof of claim in the

amount of $46,349.69. *See* Case No. 24-10775, Claim No. 15-1. Of that amount, $33,982.69 was classified as priority tax debt. *Id.*

8. On October 3, 2024, Debtor filed a motion to consolidate the bankruptcy cases of its subsidiaries, referenced above, with this one as the main case. Dkt. No. 34. In that motion, Debtor acknowledged that the "operations and finances" of it and its subsidiaries are "closely intertwined." *Id.*, ¶ 9.

9. Debtor's Motion was granted on or about October 30, 2024, and an Order granting the consolidation was entered on November 27, 2024. *See* Dkt. No. 44.

10. Debtor's subsidiaries continue to do business and file their own Form 940s and 941s. Upon information and belief, Hudson River accrued a post-petition tax liability of $7,762.22 for the third quarter of 2024, which needs to be paid.

11. As of March 18, 2025, the IRS reported that none of these entities had made any federal tax deposits for the first quarter of 2025. Thus, it is anticipated that Debtor, Hudson River, and Dancing Deer all have likely accrued a post-petition tax liability for the first quarter of 2025.

12. The IRS objects to Debtor's Plan because the Plan only appears to pay Cell-Nique's Proof of Claim with the IRS. If Cell-Nique plans to pay all three proofs of claim (Cell-Nique, Dancing Deer, and Hudson River), then it should expressly state that in the Plan and designate what portion will be paid to each claim. The government has sent Debtor's counsel proposed language that could be used to Amend the Plan to address these issues.

13. Lastly, the IRS is concerned that Debtor is continuing the same

pattern of failing to make federal tax deposits, which led to the dismissal of its first Chapter 11 bankruptcy and raises questions about whether Debtor's business can be rehabilitated.

Dated: March 25, 2025

Respectfully submitted,

JOHN A. SARCONE, III
United States Attorney

By: */s/Cathleen B. Clark*
Cathleen B. Clark
Assistant United States Attorney
Bar Roll No. 516792