UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

CELL-NIQUE CORPORATION, et al,

                            Debtors.

Chapter 11
Case No. 24-10508-1-REL
  (Main Case)
Case Number:   24-10702
Case Number:   24-10775
Case Number:   24-10677
Consolidated

------------------------------------------------------------x

# OBJECTION BY ROBERT REISER TO APPROVAL OF THE AMENDED DISCLOSURE STATEMENT FOR THE CONSOLIDATED PLAN OF REORGANIZATION OF CELL-NIQUE CORPORATION FILED FEBRUARY 28, 2025

Robert Reiser & Co., Inc. ("Reiser"), a secured creditor in the above-captioned Chapter 11 case, by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Amended Disclosure Statement For Consolidated Plan of Reorganization Of Cell-Nique Corporation (the "Amended Disclosure Statement") and the Amended Plan of Reorganization of Cell-Nique Corporation (the "Amended Plan"), filed by the consolidated debtors Cell-Nique Corporation, et al (the "Debtors"), on February 28, 2025, as docket entries Nos 65 and 66, respectively, for the following reasons:

I. **Amount Owed to Reiser is Incorrectly Stated**

1. Article 7, C12 of the Amended Disclosure Statement and Article VI, 6.12 of the Amended Plan, incorrectly state that Reiser's claim is in the amount of approximately $85,000. However, as set forth in the Declaration by Andrew O'Connor dated March 24, 2025 attached hereto as *Exhibit A*, the books and records of Reiser confirm that the amount currently outstanding and due to Reiser from the Debtors is $91,887.96.

## II. Amended Disclosure Statement Clauses are Conflicting

2. Articles 3D and 7B of the Amended Disclosure Statement directly conflict with each other. Article 3D of the Amended Disclosure Statement describes the "Classes Impaired Under the Amended Plan." It states:

> Claims or Interests in Classes 1 and Classes 3 through 15 are impaired under the Plan and are eligible to vote to accept or reject the Plan. Holders of Claims in Class 2 and 16 will not receive any distributions under the Plan. As such, Interest holders within Class 16 are conclusively presumed to have rejected the Plan and, therefore, are not entitled to vote to accept or reject the Plan.

3. Article 7B of the Amended Disclosure Statement describes the "Designation of Claims and Interests." It states that the following classes are unimpaired and not entitled to vote: 1, 3, 4, 5, 9, 12, and 13. Moreover, Reiser is described in this Article as the sole creditor within Class 12. The description states:

> Class 12: Secured Claim of Creditor Reiser. Not Impaired- Not entitled to vote; to be paid in accordance with Plan on an impaired secured claim of $85,000.

4. Reiser cannot be both an impaired claimant and eligible to vote pursuant to Article 3D, and an unimpaired claimant not entitled to vote pursuant to Article 7B. Moreover, Reiser cannot be both unimpaired and not entitled to vote pursuant to Article 7B and paid in accordance with an impaired secured claim as further described within the same Article, Article 7B.

5. Accordingly, not only are the descriptions in Articles 3D and 7B conflicting, but Article 7B is self-contradicting in that it defines Class 12 as both "[n]ot impaired" and "to be paid in accordance with Plan on an *impaired* secured claim..."

6. The function of the Disclosure Statement is to ensure that there is adequate information and notice regarding the terms of the Plan, which may contain only the material, operative terms, in order to enable creditors to make a determination as to how to vote on the Plan. *Duffy v. Futter (In re Futter Lumber Corp.)*, Nos. 09-73291-478, 11-9055-478, 2011 Bankr. LEXIS 5024, at *20 (Bankr. E.D.N.Y. Nov. 8, 2011). Here, the Amended Disclosure Statement

-2-

is at best misleading regarding material facts concerning the correct classification of Reiser's interests under terms of the Amended Plan.

7. Reiser submits that the proposed Amended Disclosure Statement is not reasonably calculated to apprise Reiser, an interested party in this case, with notice of the terms of the Debtors' Amended Plan and should therefore be rejected.

### III. Reiser's Rights and Interests are Impaired

8. Reiser's rights are impaired under the proposed Amended Plan notwithstanding classification of its claim in the Amended Disclosure Statement and the Amended Plan as secured and unimpaired.

> Article 2B of the Amended Disclosure Statement states:
>
> Classes of claims or interests that are not "impaired" under a plan o[f] reorganization are conclusively presumed to have accepted the plan and therefore are not entitled to vote. A class is "impaired" if the plan modifies the legal, equitable, or contractual rights attaching to the claims or interests of that class…

9. Article IV, 4.1A of the Amended Plan classifies the amount owed to Reiser as a secured claim, not impaired, and not entitled to vote. In addition, the Amended Plan description states that Reiser is "to be paid in accordance with Plan on a secured claim of $85,000."

10. Treatment of Reiser's claim is explained in further detail in Article VI, 6.12 of the Amended Plan. It states:

> On the Effective Date the holder of the Class 12 Claim shall be paid in equal monthly installments of $1,700 all of which shall be allocated as principal reduction payments until the Class 12 Claimants' Claim is paid in full.

11. This treatment is neither consistent with the terms of Reiser's original contract with Hudson River Foods Corporation[1] ("Hudson"), nor does it agree with the more recent stipulation

---

[1] On November 27, 2024, the Court entered its Order granting the Debtors' motion to consolidate. Pursuant to the Order authorizing substantial consolidation, the Chapter 11 Case of Cell-Nique Corporation (Case No. 24-10508-1) was designated as the "main" case and the Case of Hudson River Foods Corporation (Case No. 24-10775) was designated as one of three "member" cases. (Case No. 24-10775, Docket No. 34)

signed between Reiser and Hudson during the pendency of the bankruptcy proceedings (see Case No. 24-10775, Docket No. 33).

12. The original contract calls for monthly payments of $3,430.00 (see Exhibit B of Case No. 24-10775, Docket No. 17).  Although the more recent stipulation reduced the monthly payment amount to $1,700, the stipulation requires that all payments be applied first to accrued but unpaid attorney fees and expenses, then to accrued but unpaid interest and other amounts due, before applying any amounts to the principal balance of the obligation.  Reiser further notes that the aforementioned stipulation has not been vacated by this Court and remains in effect until the present day.

13. Reiser has not consented to, nor does it consent to a less favorable treatment of its claim under the Amended Plan.

14. With respect to contents of a plan, title 11 of the United States Code (11 U.S.C. § 1123(a)(4), the "Bankruptcy Code") provides in relevant part:

> (a) Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall—
>
> (4) provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest;

11 USCS § 1123(a)(4).

15. With respect to impairment of claims or interests, 11 USCS § 1124(1) of the Bankruptcy Code provides in relevant part:

> Except as provided in section 1123(a)(4) of this title [11 USCS § 1123(a)(4)], a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan—
>
> (1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; …

11 USCS § 1124(1).

16. Here, Reiser's equitable and contractual rights are impaired to the extent that, under the proposed Amended Plan, it neither receives the monthly payment amount under the original agreement, nor the ability to collect interest and costs due as stipulated by the parties and approved by the Court. It is evident that under the terms of the proposed Amended Plan, Reiser will not receive equal value for its claim in violation of the Bankruptcy Code's "fair and equitable treatment rule". Absent consent to accept less favorable treatment, all members of the class must receive equal value. *In re Quigley Co.*, 377 B.R. 110, 116 (Bankr. S.D.N.Y. 2007).

17. For the above reasons, Reiser objects to the classification of its claim as "unimpaired" under the terms of the Amended Plan, as proposed by the Debtors.

**IV.   Injunction Imposed on Post-Petition Claims is Overreaching**

18. The Amended Plan enjoins claimants from raising legal or equitable actions against the Debtors or the Debtors' property presumably even in connection with unrelated claims that may arise post-petition and post-confirmation. Specifically, Article XI, 11.4 of the Amended Plan states:

> Except a[s] otherwise provided in the Plan, all Claimants of the Debtor are enjoined from threatening, commencing or continuing any lawsuit or other legal or equitable action against the Debtor or the Debtor's property to recover any Claim or Interest.

19. The proposed provision does not limit the injunction to derivative actions that emanate from prepetition claims, and as such, it potentially enjoins actions on unrelated post-petition and post-confirmation claims to the detriment of Reiser, including actions to enforce its security interest.

20. The Debtors attempt to use a knife where a scalpel suffices. The Debtors offer no legal or equitable basis for enjoining future claims unrelated to its bankruptcy proceeding; nor can it be argued that omission of the overreaching injunction would deprive the Debtors of their "fresh start." In the absence of an articulated risk of danger that the Debtors would otherwise be exposed

to unless all claimants are forever barred from future litigation (no matter how untethered the litigation may be from claims arising pre-petition), such restraint on creditors' legal and equitable rights is unwarranted and cannot stand.

21. The injunction provision exceeds its purpose and scope by encroaching on the ability of all creditors, including Reiser, to defend their legal and equitable rights related to unrelated claims that arise post-petition. Moreover, the Debtors have not demonstrated a need to cast such a wide net by potentially, and indefinitely, enjoining Reiser from exercising its rights in defense of its interests.

22. Reiser reserves the right to supplement this Objection and its right to object on any other grounds not stated herein.

23. Based on the foregoing, Reiser respectfully requests that an order be entered (i) denying approval of the Amended Disclosure Statement, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: March 26, 2025

BOND, SCHOENECK & KING, PLLC

By:  */s/ Charles J. Sullivan*
Charles J. Sullivan (Bar Roll No. 507717)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
Email:  csullivan@bsk.com

*Counsel to Robert Reiser*

21209172.v3-3/26/25