UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| In re: | Case No. 24-10508 (REL) (Main Case) |
| | Chapter 11 |
| CELL-NIQUE CORPORATION, *et al.* | Case No. 24-10702 |
| | Case No. 24-10775 |
| | Case No. 24-10667 |
| | Consolidated |
| Debtor. | |

### UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through undersigned counsel Harrison E. Strauss, Trial Attorney, hereby respectfully objects the Debtors' *Amended Disclosure Statement for Consolidated Plan of Reorganization of Cell-Nique Corporation* (the "Disclosure Statement"), Docket No. 65, and for his objection states and alleges as follows:

### Preliminary Statement

The Debtors' Amended Plan is not feasible and by its own terms will require future liquidation or financial reorganization making it unconfirmable pursuant to 11 U.S.C. § 1129(a)(10). In summary, the Amended Plan proposes that the Debtors will make interest only payments for the life of the plan followed by impossibly large ballon payments. The Debtors' financial history as shown in the monthly operating reports filed with the Court show that they are unable to make the monthly payments. Even if they are ultimately able to make the monthly payments, the large lumpsum payments to creditors at the end of the plan will require future financing or sale which the Debtor cannot demonstrate it will be able to do.

### Factual Background

1. The four Debtor entities' cases were substantively consolidated by Order of this Court on November 11, 2024, Docket No. 44, including: Cell-Nique Corporation (Case No. 24-10508) (LEAD CASE); Hodgson Mill Corporation (Case No. 24-10702); Hudson River Foods Corporation (Case No. 24-10775); and Dancing Deer Corporation (Case No. 24-10667).

2. On July 03, 2025, the Debtors filed their Amended *Disclosure Statement*

1

(Docket No. 86) and *Amended Chapter 11 Plan of Reorganization* (Docket No. 88) (the "Amended Plan")

3. A hearing on confirmation of plan is currently set for October 16, 2025, and therefore objections are due no later than October 09, 2025 (Docket No. 93).

### **Feasibility and Balloon Payments**

Under § 1129(a)(11), a court may confirm an otherwise confirmable plan only if "confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). "Although the [Bankruptcy] Code does not use the terms' feasible' or 'feasibility,' the requirement imposed by § 1129(a)(11) is commonly known as the 'feasibility' test for confirmation." *Future Energy*, 83 B.R. 470 at 502 (Bankr. S.D. Ohio 1988).

"Bankruptcy courts have an affirmative obligation to ensure that plans are feasible." *In re Multiut Corp.*, 449 B.R. 323,347 (Bankr.N.D.Ill.2011). The purpose of the feasibility test is to determine whether there is a reasonable probability that creditors will receive the payments provided for in the plan. *See In re G–I Holdings Inc.,* 420 B.R. 216, 267 (D.N.J.2009) ("The key element of feasibility is whether there is a reasonable probability the provisions of the Plan can be performed."); *Brice Rd. Devs*., 392 B.R. at 283 ("Feasibility is fundamentally a factual question since it necessarily depends upon a determination of the reasonable probability of payment." See In re Trenton Ridge Investors, LLC, 461 B.R. 440 (Bankr. S.D. Ohio 2011).

Balloon payment do not make a Chapter 11 plan infeasible per se, but in order to establish feasibility of a plan with a balloon payment scheme depends on the debtor demonstrating that the funds will be available at the time the payment is due. *In re Trenton Ridge Investors, LLC*. 461 B.R. 440 at 493 (Bankr. S.D. Ohio 2011).

### **Argument**

The Debtors' Amended Plan appears to be completely impossible given their financial history and can be described at best as an attempt to 'kick the can down the road', and at worst as being filed in bad faith. The basic structure of the Amended Plan appears to be to make interest only payments to creditors, followed by large balloon payments.

2

Debtors admit they will be unable to pay the ballon payments without further reorganization, such as the sale of the business or refinancing. This is a clear violation of 11 U.S.C. § 1129(a)(10). The total of proposed balloon payments is $4,651,266. Based upon the Debtors' own numbers contained in their projects attached to the Amended Disclosure Statment, this is $3,483,073 less than the money they will have on hand at that conclusion of the Amended Plan period. See the Amended Disclosure Statement, page 37.

With regard to the filed Consolidated Monthly Operating Reports ("MORs") filed by the Debtors this year, they show that the Debtor has lost money for each month and has no ability to make even the proposed interest payments during the life of the plan. According to the MORs the Debtor has lost a total of $1,175,847 from January through August 2025 alone.

## Conclusion

The Debtors' Amended Plan is completely infeasible and can't be funded without further reorganization of the Debtors via sale or refinance. Consequently, this Court should deny confirmation.

**WHEREFORE,** based on the foregoing, the United States Trustee respectfully requests that the Court deny confirmation of the Amended Plan, and for such other and further relief as the Court deems just and proper.

Dated: October 7, 2025
Albany, New York

        Respectfully submitted,
        WILLIAM K. HARRINGTON
        UNITED STATES TRSUTEE, REGION 2

        */s/ Harrison E. Strauss*
        Harrison E. Strauss - Trial Attorney
        OFFICE OF UNITED STATES TRUSTEE
        Leo O'Brien Federal Building
        11A Clinton Ave., Room 620
        Albany, New York 12207
        NDNY Bar Roll No. 705825
        (518) 434-4553
        Harrison.Strauss@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Objection to Confirmation was served electronically upon all parties receiving electronic notice in this case on Tuesday, March 25, 2025,

          /s/ Harrison E. Strauss
          Harrison E. Strauss, Trial Attorney