So Ordered.

Signed this 12 day of December, 2025.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:                                                    Chapter 11
                                                          Case Number: 24-10508-1 (REL)
CELL-NIQUE CORPORATION, et al,                            (Main Case)
                                                          Case Number:  24−10702
                               Debtors.                   Case Number:  24-10775
                                                          Case Number:  24−10677
                                                          Consolidated

_____

### ORDER OF CONFIRMATION OF PLAN OF REORGANIZATION

The Debtor having filed an Amended Plan of Reorganization (hereinafter "the Plan") under Chapter 11 of 11 U.S.C. §§101 et seq. (hereinafter, the "Bankruptcy Code") on July 3, 2025, and a copy of said Plan having been transmitted to the holders of claims and interests together with the Amended Disclosure Statement which was approved on August 8, 2025 and a hearing for confirmation of the Plan having been set to determine if the Plan complies with the applicable provisions of the Bankruptcy Code and said hearing having been held October 16, 2025 at 10:30 a.m., and after hearing counsel for debtor, O'Connell & Aronowitz, P.C., Peter A. Pastore, Esq., of counsel in support thereof, and an Objection having been filed by the United States Trustee, and after hearing counsel for the Office of the United States Trustee, Harrison E. Strauss, Esq. in support of its Objection to feasibility and the Court having heard testimony by the Debtor's president, Mr. Dan Ratner, regarding the feasibility of the Plan, and upon consideration of the Objection of New York Business Development Corporation d/b/a Pursuit, by its counsel Burgess &

Associates, P.C., Peter L. Burgess, Esq., of counsel, and said Objection having been withdrawn and resolved by consent of Debtor and Pursuit, and upon hearing Marco B. Koshykar, Esq. of Whiteman Osterman & Hanna LLP, counsel to Class 3 Claimant Berkshire Bank and upon hearing Teresa Sadutto-Carley, Esq. of Goetz Platzer, LLP, counsel to Class 4 Claimant TD Bank,  and upon hearing Andrew S. Rivera, Esq. of Bond, Schoeneck & King, PLLC counsel to Class 12 Claimant, Robert Reiser & Co., and upon hearing Bethany Simmons, Esq. of Loeb & Loeb, LLP, counsel to Class 10 Creditor, Dancing Deer, and upon the review of the Certification of Ballots pursuant to Rule 3018-1 of the Local Bankruptcy Rules for the Northern District of New York, and it having been determined that the Plan complies with the applicable provisions of § 1129 of the Bankruptcy Code,

IT IS SO ORDERED, and notice is hereby given that:

1. That the Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code;

2. That the proponents of the Plan comply with the applicable provisions of the Bankruptcy Code;

3. That the Plan has been proposed in good faith and not by any means forbidden by law;

4. A.      That any payment made or promised by the proponent or by the Debtor, for services or for costs and expenses in, or in connection with, the case, or in connection with the Plan and incident to the case, have been disclosed to the Court; and

   B.      Any such payment made before confirmation of the Plan is reasonable; or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

5. A.      The proponent of the Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a member or a successor to the Debtor under the Plan; and appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy;

   B.      The Proponents of the Plan have disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider,

6.      With respect to each class, each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date  of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7;

7.      With respect to each class, such class has accepted the Plan, or such class is not impaired under the Plan;

8.      Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan complies with 11 USC §1129 (a)(9);

9.      At least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class;

10.     Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan; and

IT IS FURTHER ORDERED, that the Plan filed by Debtor on July 3, 2025, a copy of which Plan is attached hereto, is confirmed in all respects except as modified by the decretal paragraphs set forth below, and

IT IS FURTHER ORDERED, that the objection filed by Robert Reiser & Co. ("Reiser"), is hereby deemed withdrawn and the Plan is hereby amended to provide that (i) the Debtor will pay secured creditor Reiser the sum of $2,041.95 for fifty-two (52) months, and (ii) the terms of the Stipulation and Conditional Order [Case No. 24-10775, Docket No. 33] (the "Adequate Protection Stipulation") with respect to  (a) application of payments as set forth in paragraph 5 of the Adequate Protection Stipulation, and (b) default provisions as set forth in paragraph 6 of the Adequate Protection Stipulation shall be incorporated into and made a part of the Plan as if set forth fully herein, and

IT IS FURTHER ORDERED, that the objection filed by NYBDC d/b/a Pursuit is hereby deemed withdrawn and Pursuit's Class 1 Claim of $2,410,251.65, shall be allowed and treated as follows, 1. pursuant to the agreement of the parties: Pursuit Claim No. 10 in the amount of $457,593.60 and Pursuit

Claim No. 11 in the amount of $1,952,658.05 are hereby allowed as fully secured claims in the aggregate amount of $2,410,251.65 as of July 15, 2024 (collectively, the "Pursuit Claims"); 2. The Pursuit Claims shall accrue interest at a fixed rate of 7.0% per annum, commencing July 15, 2024, and shall be paid by the Reorganized Debtor in biweekly installments of $8,750.00; 3. All payments made on account of the Pursuit Claims shall be applied and credited in accordance with a 365/360 commercial real estate loan amortization schedule, with the loan deemed to have originated on July 15, 2024; 4. The remaining outstanding balance of the Pursuit Claims shall be due and payable in full on July 15, 2029; and 5. The parties reserve all rights with respect to (a) the final accounting of adequate protection payments made from the petition date through confirmation; and (b) the calculation of the final balloon payment, which shall be determined on or about July 15, 2029, and

IT IS FURTHER ORDERED, that Class 4 Claimant, TD Bank, has an allowed secured claim in the sum of $112,596, and will be paid based on a 10-year amortization schedule at 8% interest. Class 4 Claimant shall receive $1,366.10 per month for fifty-nine (59) months and a projected balloon payment of $67,823.10 on the 60th month.

###